**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR L. HAIRSTON, SR., | **Hon. Jerome B. Simandle** |
| Plaintiff, | Civil Action No. 06-4894 (JBS) |
| v. |  |
| CHARLES SAMUELS, et al., | **O P I N I O N** |
| Defendants. |  |

**APPEARANCES**:

> ARTHUR L. HAIRSTON, SR., #03705-087, Plaintiff Pro Se
> F.C.I. Fort Dix
> P.O. Box 38
> Fort Dix, New Jersey  08640

**SIMANDLE**, District Judge

Plaintiff Arthur L. Hairston, Sr., a prisoner confined at the Federal Correctional Institution at Fort Dix, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk to file the Complaint without pre-payment of the filing fee; (3) assess the $350.00 filing fee against Plaintiff; (4) direct the Bureau of Prisons ("BOP") to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the BOP to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing

fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having screened Plaintiff's allegations pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismisses the Complaint, without prejudice to the filing of an amended complaint.

## I.   BACKGROUND

Plaintiff challenges the outgoing legal mail policy at FCI Fort Dix and seeks damages against Charles Samuels, Warden, and the BOP for violation of his constitutional right of access to courts.  Plaintiff's statement of claim consists of the following allegations:

> I am being denied meaningful access that comports with the United States Constitution to the Courts.  The Plaintiff states that it is well settled that the legal mail outgoing is best served by placing it in the box marke[d] legal mail.  So that the post mark can be placed on the legal mail that morning when picked up so that all Court deadlines can be met.  Mailing briefs to the Supreme Court, Court of Appeals or a District Court is very serious.  There are time constraints that have to be met or there will be a procedural default because the post mark is what the Courts go by.  The Plaintiff has been told by case managers and counselors here at 5852 and also the unit manager.  In not taking that legal mail you have to wait for the unit secretary.  The memo put out by Warden Samuels states that between the hours of 3 and 4 PM the unit secretary will be available to take all outgoing legal mail and log it in the book.  Most units here at Fort Dix don't even have a log book.  An inmate sending legal mail should not have to fence with counselor or case managers or unit managers.  Or even have to chase a unit secretary around to mail properly marked legal mail.  This does not comport with the

> Constitution. There is no way to abuse the legal special mail box. The qualified mail room staff that picks up the mail before logging it has to inspect the inmate[']s name and number. There is no way a staff member[']s name can be substituted or used in any way to abuse the legal mail drop box if the mail room staff is truly doing his or her job after picking up the legal mail from the box. The only question is can the Unit Secretary or any unit team member post mark properly mark[ed] legal mail when handed to them? Every time I hand in legal mail under this process I am subjected to having my Constitutional rights violated and my privacy to legal redress violated. I have suffered greatly by this violation of the Constitution and right to privacy which has nothing to do with the security of the prison.
>
> REMEDY
>
> I seek monetary damages . . . for the administration here at Fort Dix implementing a policy of using a unit secretary to log legal mail then not ensuring that all units complied with this illegal policy.

(Compl. at pp. 2-3.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  Under the notice pleading standard, a plaintiff need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim.  See, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has also recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his

5

constitutional rights.  <u>Malesko</u>, 534 U.S. at 66.  The Court construes Plaintiff's Complaint as attempting to assert an access to courts claim under the First Amendment of the United States Constitution and <u>Bivens</u>.

A.  <u>Access to Courts</u>

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights."  <u>Bell v. Wolfish</u>, 441 U.S. 520, 545, 546 (1979).  "[P]risoners, by virtue of their incarceration, do not forfeit their First Amendment right to use of the mails."  <u>Jones v. Brown</u>, 461 F. 3d 353, 358 (3d Cir. 2006) (citation and internal quotation marks omitted).

However, the Supreme Court held in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), that a prisoner lacks standing to pursue an access to courts claim unless he shows that the alleged interference of prison officials, or shortcomings in the library or legal assistance program, "hindered his efforts to pursue a legal claim."  <u>Lewis</u>, 518 U.S. at 352.  To satisfy this standard, an inmate must show that a pending or contemplated legal proceeding

6

was prejudiced or harmed in some way by the alleged interference or shortcomings.  Id. at 351.  In Lewis, the Supreme Court gave examples of potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997), the plaintiff prisoner alleged that corrections officers had opened his outgoing legal mail (containing a notice of appeal and a brief) to the Clerk of the New Jersey Superior Court, the state Attorney General, and the Commissioner of the Department of Corrections.  Id. at 176.  The United States Court of Appeals for the Third Circuit rejected the claim because the prisoner suffered no actual injury as a result of the alleged interference with his outgoing legal mail, where his papers arrived at the court, which adjudicated his claim.  Id. at 178; see also Dubois v. Abode, 142 Fed. Appx. 59 (3d Cir. 2005) (affirming dismissal of prisoner's First Amendment claim on ground that prisoner was not actually injured by alleged interference with outgoing legal mail).

7

Here, Plaintiff challenges the Warden's policy that the unit secretary will take outgoing legal mail to the mail room between 3:00 p.m. and 4:00 p.m., asserting that "[t]here are time constraints that have to be met or there will be a procedural default because the postmark is what the Courts go by." [1] (Compl. at p. 2.) However, Plaintiff does not assert that he suffered an actual injury as a result of the legal mail policy, such as the dismissal of a case or appeal. Since nothing alleged in Plaintiff's Complaint supports an inference that the legal mail policy caused actual injury to a particular claim or case, Plaintiff lacks standing to pursue an access to courts claim. See Lewis, 518 U.S. at 349 ("The requirement that an inmate alleging [an access to courts claim] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches"). The Court will therefore dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[1] However, because *a pro se* prisoner "cannot personally travel to the courthouse to see that [a document] is stamped 'filed' or to establish the date on which the court received the [document, and] has no choice but to entrust the forwarding of his [document] to prison authorities whom he cannot control or supervise and who may have every incentive to delay," a document is considered "filed" in a federal court when the *pro se* prisoner hands the properly addressed envelope to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266, 271 (1988).

However, the facts alleged in the Complaint do not foreclose the possibility that Plaintiff suffered an actual injury, and Plaintiff may be able to state a cognizable claim by filing an amended complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment).  The dismissal of the Complaint will therefore be without prejudice to the filing of an amended complaint.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will reopen the file and screen the amended complaint for dismissal.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint.

 s/ Jerome B. Simandle
**JEROME B. SIMANDLE, U.S.D.J.**

Dated:   **March 30, 2007**